## DUPLEX METALS CO. v. STANDARD UNDERGROUND CABLE CO.

(District Court, W. D. Pennsylvania. November 23, 1914.)

No. 66.

1. COSTS (§ 154*)—DISBURSEMENTS—DEPOSITIONS—CONSULAR FEES.

Where both parties stipulated for the taking of certain testimony abroad before the United States consul, instead of a commissioner, the court, on a return of the depositions with a charge at the rates prescribed by the official tariff of American consular fees, could not disallow any part thereof as either improper or excessive.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 596–604; Dec. Dig. § 154.*]

2. COSTS (§ 178*)—DISBURSEMENTS—PHOTO-LITHOGRAPHS OF EXHIBITS.

A charge for photo-lithographs of exhibits for the records is a proper disbursement, and allowable as a cost item.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 708–711; Dec. Dig. § 178.*]

In Equity. Suit between the Duplex Metals Company and the Standard Underground Cable Company. On plaintiff's exception to the taxation of costs. Overruled.

Reed, Smith, Shaw & Beal, of Pittsburgh, Pa., for plaintiff.
Christy & Christy, of Pittsburgh, Pa., for defendant.

ORR, District Judge. This matter cames before the court upon exceptions on the part of the plaintiff to taxation of costs. Objection is made to the allowance of $431.60, which appears to have been paid to Frank H. Mason, American consul general at Paris, before whom certain testimony was taken in pursuance of a stipulation entered into by the parties. The stipulation provided that the testimony of three witnesses might be taken—

"before the United States consul at Paris, or his deputy, at the consulate, or at such other place in Paris as said consul, or his deputy, may designate, or as may be determined by agreement of the counsel representing complainant and defendant in the taking of said testimony; that such testimony shall be taken in the English language, so far as possible; that the questions and answers may be propounded and given viva voce, and be recorded stenographically or by typewriter, as the said counsel shall at the time agree; and that, in case the services of an interpreter may become necessary, such person as may be agreed upon by said counsel shall act in such capacity, or, in the event of the inability to so agree, then such person as may be selected by the consul or his deputy."

[1] The parties to this suit, having agreed by their counsel as to the officer before whom the depositions should be taken, by implication

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreed that the lawful fees of such officer should become part of the costs in the case. It is insisted now on the part of the complainant that the officer before whom the testimony was taken was acting as a commissioner, and was therefore only entitled to the fees allowed commissioners for like services. Unfortunately for the exceptant, the officer before whom the testimony was taken was acting in his official capacity as a consular representative of the United States, and as such was required to charge and receive lawful fees for the services performed by him.

By section 1750 of the Revised Statutes (Comp. St. 1913, § 3211) such consular officer was authorized to perform the services rendered in this case, and by that section protection was given to the parties against perjury by any of the witnesses, and protection was afforded by the provisions in that section for the admission in evidence of any document having the seal or signature of such consular officer. The fees established by law for consular services, and not the fees established by law for the services of an ordinary commissioner to take testimony, must control. The officer before whom the testimony was taken gave a receipt in which he states that his charges were "at the rates prescribed by the official tariff of American consular fees." In view of a certificate to that effect, this court cannot say that the fees are improper or excessive, there being no other evidence to the contrary.

Inasmuch as this court cannot control or change the official tariff of American consular fees, the first exception must be dismissed.

[2] As to the second exception, which was to an item of costs as taxed to Norris, Peters & Co., for reproduction of records, $6.50, so far as appears, this item was for photo-lithographs of exhibits for the records. It has long been the practice of this court to allow the cost of these reproductions, which are made for the records, as being the most convenient way and the least expensive way of preparing them for the court. The second exception must be dismissed.